as decisive of this case seems to me obviously inapplicable. There the chattels were stolen, and the owner authorized nothing.

Judgment for the defendant.

(32 Misc. Rep. 671.)

LEEDS v. NEW YORK TEL. CO.

(Supreme Court, Trial Term, Queens County.   November, 1900.)

1. NEGLIGENCE—COMPLAINT—ALLEGATIONS OF NEGLIGENCE.
   Where an action is brought against a telephone company for injuries received by a chimney, which was caused to fall by a wire of the defendant's, which was fastened thereto, being struck with the arm of a derrick, an allegation that the chimney was an old brick chimney is not an allegation that the defendant was negligent in attaching his wire thereto.

2. SAME—PROXIMATE CAUSE.
   A complaint in an action against a telephone company for injuries received by the falling of a chimney to which it had attached a wire does not state a cause of action where it is alleged that the chimney was caused to fall by the wire being struck by the arm of a derrick operated by third persons, since the act of such third persons was the proximate cause of the injury.

Action by Florence Leeds against the New York Telephone Company. Judgment dismissing the complaint for not stating a cause of action, and plaintiff makes a motion for a new trial.   Denied.

Louis Hicks, for plaintiff.
Eugene Lamb Richards, for defendant.

GAYNOR, J.   The complaint alleges that the defendant constructed, owned and used a telephone wire across the street "above the surface thereof," and that the wire was passed around an "old brick chimney" above the roof of a house on one side of the street, about 40 feet from the ground.   An "old brick chimney" may be as good as a new one; so that designation is not a charge of negligence.   The only allegation of negligence is that the "passing and maintaining of said wire around said chimney as aforesaid constituted negligence on the part of the defendant, in that it rendered said chimney likely to fall to the sidewalk beneath"; and that, "as defendant knew at said times, the danger of said situation was daily increasing by reason of the progress made in the erection of a large building" on a lot on the opposite side of the street, "over which lot said telephone wire, after crossing said street from said chimney at a low elevation, ran unsupported for a long distance, pulling with its weight on said chimney."   What is meant by a "low elevation" is not stated, but the elevation at which the wire ran across the street from the chimney had already been stated to be about 40 feet.   There is no allegation that the wire was too low, i. e., so low that in the natural course of things it could be struck by passing objects on the street, or that the chimney was decayed or broken, or for any cause unable to support the wire.   Nor is this of any consequence, for there is no allegation that the accident happened from such a cause; but the allegation in the complaint is that the said wire was "struck above the sur-

face of said street by the arm of a derrick operated by workmen engaged in the construction of a building" on the said lot opposite, causing said chimney to break and the bricks thereof to fall on the plaintiff who was passing by.

If the chimney had been so weak that the weight of the wire pulled it down, or if the wire had been pulled down by the wind, or any natural cause, or by a passing vehicle or load, a different case would be presented. It would be negligence in the defendant to have created such an obviously dangerous condition, and allowed it to exist. But here the proximate cause of the accident was the striking of the wire by the arm of the derrick. The defendant has the right to string its wires across the streets, and if others negligently or accidentally pull them down it is not liable for that. It is true that the chimney would not have fallen if the wire had not been fastened around it. But that is not what caused it to fall. The cause was the act of those who struck the wire with the derrick. No citation on the familiar head of proximate cause seems necessary, unless for the sake of habit. Laidlaw v. Sage, 158 N. Y. 73, 52 N. E. 679, 44 L. R. A. 216.

The motion for a new trial is denied.